### ERLAND v. LAWRENCE et al.

#### (Supreme Court, Appellate Term. January 27, 1910.)

LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—EVIDENCE.

In an action on an alleged agreement to hire office accommodations and stenographer's services, evidence *held* not to sustain the burden on plaintiff to prove his claim.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by George W. Erland against Edward O. Lawrence and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Leslie A. Davis, for appellants.
Arnold Lichtig, for respondent.

PER CURIAM. Plaintiff claimed an agreement with defendants whereby the latter undertook to hire from him office accommodations at $8 per month and the services of a stenographer at $6 per week for a period terminable on 90 days' notice from the defendants. Two months' rent was paid, the defendants left, and this action is brought to recover $24 for 3 months' rent, $48 for 8 weeks' stenographer's services, and $1.65 for stamps and money loaned—a total of $73.65.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff had judgment for $86.41, being $72 damages and $14.41 costs. Defendants appeal.

Plaintiff and his stenographer testified to the alleged agreement. Both defendants specifically denied the arrangement for notice or the promise to pay the stenographer. The record shows a proposed memorandum between the parties providing for 90 days' notice, though silent as to the stenographer. Plaintiff refused to sign the agreement. The burden was on plaintiff to sustain his claim by a preponderance of evidence. Clearly he did not sustain that burden.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.